United States District Court
Southern District of Texas

**ENTERED**

July 05, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALLACE MACEY, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-CV-3256 |
| | § | |
| WAYNE DICKY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Wallace Macey, Jr filed a civil rights complaint. For the following reasons, the Complaint is dismissed without prejudice.

### I.     Background

Macey complains that the defendants improperly denied him credit for 212 days served in jail in calculating his release date. He also sues an attorney in private practice for failing to ensure that Macey received proper credit for time served. It is unclear from the Complaint whether Macey contends that these 212 days should be credited toward the prison sentence he is currently serving, or toward some previous sentence. In either case, he fails to state a claim for relief.

### II.     Analysis

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint fails to state a valid claim for relief, the court must dismiss the complaint.

Macey's challenge to his calculated release date is properly brought in a petition for a writ of habeas corpus, not in a civil rights lawsuit.

> Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir.1989).

*Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

To the extent that Macey seeks damages for his alleged extended confinement, such relief is not available until a court or other competent tribunal finds that he was, or is being, unlawfully detained. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Macey does not allege that there has been any such finding; indeed, he notes that he filed two motions in state court challenging the calculation and did not obtain relief. Until he obtains such a ruling, his claims for damages are premature.

For the foregoing reasons, Macey's Complaint **DISMISSED WITHOUT  PREJUDICE** as premature under 28 U.S.C. § 1915A.

SIGNED at Houston, Texas on  June 22, 2026



ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

2